IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEANNA BECKNER,

        Plaintiff,

vs.                             Case No. 06-1012-JTM

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

        Defendant.

MEMORANDUM AND ORDER

      This matter is before the court on the plaintiff's motion for attorney fees, and follows an earlier order by the court (Dkt. No. 22) reversing and remanding the decision of the Commissioner. Plaintiff seeks an award of Equal Access to Justice Act (EAJA), 42 U.S.C. § 2412(d) fees in the amount of $7,373.03 (reflecting 47.1 hours of work at $125.00 per hour, with a cost of living adjustment of 25.23%) on the grounds that the decision of the ALJ was not substantially justified. The defendant contends the fee requested is unreasonable, noting that typically EAJA applications reflect work in the 30-40 hour range. *Austin v. Shalala*, 1994 WL 114845 (D. Kan. 1994). The court has carefully reviewed all of the pleadings in the case, including the submissions by the parties and the Report and Recommendation of the United States Magistrate Judge. The court finds nothing unique or exceptional in the present case that would require an experienced and capable attorney to devote larger than an average amount of time to resolve. In particular, the court finds that the 44.6 hours requested by plaintiff solely for brief writing are

indeed excessive, where the issues in the case are not complex, and where a substantial amount of time was expended merely repeating and reiterating arguments made in earlier pleadings. The court believes that plaintiff has failed to justify the fee sought.

Having reviewed all of the pleadings, the court finds that a competent attorney experienced in Social Security issues could have fully and adequately presented this case, lacking as it is in novel or complicated issues, including all necessary and justified responsive pleadings, through the exertion of 35 hours in attorney time. The court will accordingly issue an award under the EAJA of $5478.90 (35 hours at 156.54 per hour).

By leave and over plaintiff's objection, the defendant Commissioner filed a surreply to plaintiff Beckner's reply. Two days after this, and without attempting to obtain leave of the court, counsel for Beckner submitted what is in effect a sursurreply. As this court has recently stressed, "Surreplies are heavily disfavored, and are allowed only in the most extraordinary circumstances." *Hall v. Whitacre*, No. 06-1240-JTM, 2007 WL 1585960 (D.Kan. May 31, 2007). "Where surreplies are permitted, it is only with leave of the court." *Afshar v. United States Department of State*, No. 06-20/1-CM, 2006 WL 2524152, at *1 (D. Kan. July 11, 2006).

What is true of surreplies is even more true of pleadings seeking to respond to them. Plaintiff is familiar with the process for obtaining leave for surreply; he actively but unsuccessfully opposed (Dkt. No. 29) the Commissioner's request for surreply. However, he made no attempt to obtain leave before filing his own additional pleading. The court will not strike plaintiff's pleading, but counsel is cautioned that attempts in the future to submit such pleadings without prior leave of the court may be stricken or form the subject of more serious sanction.

IT IS ACCORDINGLY ORDERED this 9th day of July, 2007, that the plaintiff's motion for attorney fees (Dkt. No. 24) is granted in the amount of $5478.90.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE